MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Knapp,<br><br>    Plaintiff,<br><br>vs.<br><br>California Department of Corrections and Rehabilitation, et al.,<br><br>    Defendants. | No. CV 1-08-780-ROS<br><br>**ORDER** |

Plaintiff David Knapp, who is confined in the California Substance Abuse Treatment Facility and State Prison in Corcoran, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and California state law (Doc. #1). This case was reassigned to the undersigned judge on November 25, 2008. The Court will dismiss the Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

JDDL-K

1  before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
2  (*en banc*).

3  The Court should not, however, advise the litigant how to cure the defects. This type
4  of advice "would undermine district judges' role as impartial decisionmakers." Pliler v.
5  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
6  whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint
7  will be dismissed for failure to state a claim, with leave to amend because the Complaint may
8  possibly be saved by amendment.

9  **II.   Complaint**

10  In his four-count Complaint, Plaintiff sues Defendants California Department of
11  Corrections and Rehabilitation (CDCR), J. Clark Kelso, "Chief Inmate Appeals Branch" N.
12  Grannis, Chief Medical Officer Dr. A. Enenmoh, Dr. K. Lee, Correctional Health Services
13  Administrator II G. Martinez, Doe Head Registered Nurse, Doe Registered Nurse, Doe Head
14  Pharmacist, and Doe Pharmacist.

15  In Count One, Plaintiff alleges that Defendants have been deliberately indifferent to
16  his serious medical needs in violation of the Eighth and Fourteenth Amendments. In Count
17  Two, he contends that Defendants have denied, delayed, and intentionally interfered with his
18  prescribed medical treatment and prescribed medications in violation of the Eighth and
19  Fourteenth Amendments. In Count Three, he asserts "Medical Negligence[,] Inadequate
20  Medical Care[,] Failure of State Employees To Provide Adequate Medical Care Following
21  Accepted Medical Standards, And General Negligence in General Defendants Purposely
22  Ignored Plaintiff's Medical Needs." In Count Four, Plaintiff contends that Defendants have
23  "Den[ied] An Otherwise Qualified Individual The Opportunity To Benefit From Or
24  Participate In A Program Or Service Because Of His Disability."

25  Plaintiff seeks declaratory relief, a preliminary injunction, monetary damages, and his
26  costs of suit.

27  . . . .
28  . . . .

### III. Failure to State a Claim

#### A. CDCR

Defendant CDCR is not a proper Defendant. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the . . . Department of Corrections are not 'persons' under section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendant CDCR.

#### B. Failure to Link Defendant with Injuries

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's

position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff has not alleged specific conduct by any Defendants; Plaintiff has proffered only vague and conclusory allegations that Defendants have collectively violated his constitutional rights. This is insufficient. Therefore, the Court will dismiss the Complaint, without prejudice.

### C.  Americans with Disabilities Act

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA claim, a plaintiff must demonstrate that he:

> (1) is a handicapped person; (2) that he is otherwise qualified; and that [prison officials'] actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.

Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).

In Count Four, Plaintiff makes only vague and conclusory allegations that he was "excluded from participation in and or denied the benefits of the prison's services, programs, or activities, and has been in some other way discriminated against." These vague statements are insufficient to state a claim under the ADA. Therefore, the Court will dismiss Plaintiff's ADA claim.

### D.  State Law Claims

Because the Court is dismissing Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims and will dismiss them, without prejudice. See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).

. . . .

. . . .

**IV.    Preliminary Injunction**

Because the Court is dismissing Plaintiff's Complaint for failure to state a claim, the Court will deny as moot Plaintiff's request for a preliminary injunction.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint on the form provided with this Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the original Complaint by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff is advised that the instructions require him to provide information regarding the Court's jurisdiction, provide information about the defendants, and divide his lawsuit into separate counts. In each count, Plaintiff must identify what federal constitutional civil right was violated, identify the issue most closely involved in that count, **state which defendants violated that right and what those defendants did to violate that right**, explain how Plaintiff was injured by the alleged violation of the constitutional right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff may allege only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King, 814 F.2d at 567.

**VI.    Warnings**

   **A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **C.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

   **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order.

(2) Plaintiff's request for a preliminary injunction, contained in the Complaint, is **denied as moot**.

(3) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(4) The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 16th day of January, 2009.

*[signature]*
Roslyn O. Silver
United States District Judge