MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Knapp,<br><br>    Plaintiff,<br><br>vs.<br><br>California Department of Corrections and Rehabilitation, et al.,<br><br>    Defendants. | No. CV 1-08-780-ROS<br><br>**ORDER** |

Plaintiff David Knapp is confined in the California Substance Abuse Treatment Facility and State Prison in Corcoran, California. In a January 16, 2009 Order, the Court dismissed Plaintiff's Complaint because he had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 13, 2009, Plaintiff filed his First Amended Complaint (Doc. #8).

**I.    First Amended Complaint is not signed**

All pleadings must be signed by the party if the party is not represented by an attorney. Fed. R. Civ. P. 11(a) and LRCiv 7-131(b). An unsigned pleading must be stricken unless omission of the signature is corrected promptly after being called to the attention of the party. Fed. R. Civ. P. 11(a).

Plaintiff's First Amended Complaint is unsigned. Therefore, Plaintiff will be permitted 30 days from the filing date of this Order to submit a completed and signed

Certificate, using the Certificate form included with this Order, certifying that Plaintiff's signature on the Certificate shall serve as an original signature on his First Amended Complaint for the purposes of Rule 7-131(b) of the Local Rules of Civil Procedure and Rule 11 of the Federal Rules of Civil Procedure.

**II. Warnings**

**A. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file the required Certificate, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. Ferdik v. Bonzelet, 963

F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Within 30 days of the date this Order is filed, Plaintiff must file a completed and signed Certificate, using the Certificate form provided with this Order, certifying that Plaintiff's signature on the Certificate shall serve as an original signature on his First Amended Complaint for the purposes Rule 7-131(b) of the Local Rules of Civil Procedure and Rule 11 of the Federal Rules of Civil Procedure.

(2) If Plaintiff fails to file, within 30 days, a completed and signed Certificate on the form provided with this Order, the Clerk of Court must strike Plaintiff's First Amended Complaint and must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk of Court must mail Plaintiff a Certificate form.

DATED this 19th day of March, 2009.

Roslyn O. Silver
United States District Judge