1    MDR

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    David Knapp,                          )    No. CV 1-08-780-ROS
                                           )
10           Plaintiff,                    )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12   California Department of Corrections and)
     Rehabilitation, et al.,               )
13                                         )
             Defendants.                   )
14   _____)

15          Plaintiff David Knapp is confined in the California Substance Abuse Treatment

16   Facility and State Prison in Corcoran, California.  In a January 16, 2009 Order, the Court

17   dismissed Plaintiff's Complaint because he had failed to state a claim.  The Court gave

18   Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the

19   Order.

20          On February 13, 2009, Plaintiff filed his First Amended Complaint (Doc. #8).  In a

21   March 19, 2009 Order, the Court noted that Plaintiff's First Amended Complaint was

22   unsigned and gave him time to submit a completed and signed Certificate, using the

23   Certificate form included with the Order, certifying that Plaintiff's signature on the

24   Certificate would serve as an original signature on his First Amended Complaint for the

25   purposes of Rule 7-131(b) of the Local Rules of Civil Procedure and Rule 11 of the Federal

26   Rules of Civil Procedure.  On June 26, 2009, Plaintiff submitted a signed Certificate.

27

JDDL   28

I. **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

II. **First Amended Complaint**

In his three-count First Amended Complaint, Plaintiff sues the Defendants Medical Healthcare Receiver J. Clark Kelso, "Chief Inmate Appeals Branch" N. Grannis, Chief Medical Officer Dr. A. Enenmoh, Dr. K. Lee, Correctional Health Services Administrator II G. Martinez, Doe Head Registered Nurse, Doe Registered Nurse, Doe Head Pharmacist, and Doe Pharmacist.

1       Plaintiff alleges that he takes daily medication to control and alleviate severe and

2   excruciating pain caused by his chronic medical conditions of Rheumatoid Arthritis,

3   Osteoporosis, and herniated discs. He claims that his medical conditions become crippling

4   if he is "forced to go without" his prescribed medications and that he has become suicidal

5   when taken off his prescribed pain medication. He asserts that Defendants have repeatedly

6   denied, delayed, and intentionally interfered with his medical treatment and prescribed

7   medications. He also contends that Defendants have subjected him to hostility and abuse in

8   "apparent retaliation for plaintiff's efforts to secure proper medication, and treatment," by

9   withholding his medications for weeks and forcing him to wait for outdoors for hours for

10   medical treatment and then informing Plaintiff that medical personnel cannot see him

11   because they do not have his file.

12       In Counts One and Two, Plaintiff alleges that Defendants have been deliberately

13   indifferent to his serious medical needs in violation of the Eighth and Fourteenth

14   Amendments. In Count Three, he asserts, under State law, claims of general and medical

15   negligence.

16       Plaintiff seeks a jury trial, declaratory relief, a preliminary injunction, monetary

17   damages, and his costs of suit.

18   **III.    Duplicative Claim**

19       Counts One and Two are duplicative claims of deliberate indifference by the same

20   Defendants for the same conduct. Count Two simply adds a sentence about Defendants

21   denying, delaying, and intentionally interferring with his prescibed medications and

22   treatment.   The Court will dismiss Count One as duplicative of the more expansive

23   allegations in Count Two.

24   **IV.    Claims for Which an Answer Will be Required**

25       Liberally construed, Plaintiff has stated claims in Counts Two and Three, and the

26   Court will required Defendants to answer those Counts.

27       The Court will not direct that service be made on the four Doe Defendants at this time.

28   The Court is unable to identify these individuals, and, as a practical matter, it is virtually

JDDL                                              - 3 -

1   impossible for the United States Marshal to serve a summons and complaint upon unknown

2   persons.  However, the Court will not dismiss the claims against these Defendants at this

3   time.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of

4   defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity

5   through discovery to identify the unknown defendants, unless it is clear that discovery would

6   not uncover the identities or that the complaint would be dismissed on other grounds).

7        Plaintiff may use the discovery process to obtain the names of the four Doe

8   Defendants.  If Plaintiff later discovers the identities of these Defendants, Plaintiff should

9   seek to amend his First Amended Complaint to name them.  Pursuant to Rule 15 of the

10  Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter

11  of course at any time before a responsive pleading is served.  Otherwise, a party may amend

12  the party's pleading only by leave of court or by written consent of the adverse party.

13  **V.    Preliminary Injunction**

14       In his First Amended Complaint, Plaintiff seeks a preliminary injunction.  The Court

15  will deny the request, without prejudice, because Plaintiff has failed to demonstrate at this

16  time that he is likely to suffer irreparable harm in the absence of injunctive relief.  See Winter

17  v. Natural Resources Defense Council, Inc., 129 S. Ct. 365,  374 (2008)  (to obtain a

18  preliminary injunction, the moving party must show "that he is likely to succeed on the

19  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

20  the balance of equities tips in his favor, and that an injunction is in the public interest"); see

21  also Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal.

22  2000) (the moving party has the burden of proof on each element of the test).

23  **VI.   Warnings**

24       **A.    Address Changes**

25       Plaintiff must file and serve a notice of a change of address in accordance with Rule

26  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

27  a motion for other relief with a notice of change of address.  Failure to comply may result in

28  dismissal of this action.

JDDL                                      - 4 -

1     **B.     Copies**

2         Plaintiff must submit an additional copy of every filing for use by the Court. See

3  LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

4  notice to Plaintiff.

5         **C.     Possible Dismissal**

6         If Plaintiff fails to timely comply with every provision of this Order, including these

7  warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

8  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

9  comply with any order of the Court).

10  **IT IS ORDERED:**

11         (1)     Count One is **dismissed as duplicative**.

12         (2)     Defendants Kelso, Grannis, Enenmoh, Lee, and Martinez must answer Counts

13  Two and Three of the First Amended Complaint.

14         (3)     Plaintiff's request for a preliminary injunction, contained in the First Amended

15  Complaint, is **denied without prejudice**.

16         (4)     The Clerk of Court must send Plaintiff a service packet including the First

17  Amended Complaint (Doc. #8), the signature Certificate (Doc. #10), this Order, a Notice of

18  Submission of Documents form, an instruction sheet, and copies of summons and USM-285

19  forms for Defendants Kelso, Grannis, Enenmoh, Lee, and Martinez.

20         (5)     Within **30 days** of the date of filing of this Order, Plaintiff must complete and

21  return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit

22  with the Notice of Submission of Documents: a copy of the First Amended Complaint for

23  each Defendant, a copy of the signature Certificate for each Defendant, a copy of this Order

24  for each Defendant, a completed summons for each Defendant, and a completed USM-285

25  for each Defendant.

26         (6)     Plaintiff must not attempt service on Defendants and must not request waiver

27  of service.  Once the Clerk of Court has received the Notice of Submission of Documents

28

1 and the required documents, the Court will direct the United States Marshal to seek waiver
2 of service from each Defendant or serve each Defendant.

3     (7)    **If Plaintiff fails to return the Notice of Submission of Documents and the**
4 **required documents within 30 days of the date of filing of this Order, the Clerk of**
5 **Court must, without further notice, enter a judgment of dismissal of this action without**
6 **prejudice.** See **Fed. R. Civ. P. 41(b).**

8     DATED this 14th day of August, 2009.

13     Roslyn O. Silver
    United States District Judge